[Civ. No. 3432. Second Appellate District, Division One.—December 23, 1920.]

## A. F. HOWARD et al., Appellants, v. A. J. WORTHINGTON, Respondent.

[1] NEGLIGENCE — AUTOMOBILE COLLISION AT STREET INTERSECTION — ACTION FOR DAMAGES—EVIDENCE—LAST CLEAR CHANCE—INSTRUCTIONS.—In an action to recover damages for personal injuries sustained as the result of a collision between plaintiff's automobile and one belonging to the defendant, where the evidence with respect to the speed at which the machines were traveling as they approached the intersection where the accident occurred and as to their relative positions at the time plaintiff entered upon the intersection is conflicting, and, according to some ·of the evidence, the jury might reach the conclusion that plaintiff's machine swerved to get out of the way and that plaintiff was doing all he could to avoid the collision, that the defendant was in a position to see, and did see, that unless his machine was stopped a collision would occur, and that the defendant could have stopped his machine in time to avoid the accident, but voluntarily did not do so, the plaintiff is entitled to an appropriate instruction on the doctrine of last clear chance.

[2] ID.—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—INSTRUCTIONS. In such an action, it is error to instruct the jury that to find a verdict for the plaintiff, they must not only find from a preponderance of all the evidence that the defendant was negligent, and that such negligence was the proximate cause of the injury to plaintiff, but that they "must further find that the evidence shows, by a preponderance thereof, that the plaintiff was not guilty of negligence, however slight, contributing proximately thereto."

[3] ID.—CONFLICTING INSTRUCTIONS—PREJUDICIAL ERROR. — Where the court first correctly states the rule in general terms, and then directly states the contrary rule in language pointed specifically to the instant case, it is not appropriate to hold that the error is cured by a general view of the instructions as a whole.,

[4] ID. — PERSONS CONFRONTED WITH SUDDEN DANGER — DISCRIMINATORY INSTRUCTION.—In such an action, an instruction, based upon the rule governing a person suddenly confronted with danger through the negligence of another, which gives the plaintiff the benefit of the rule only in the event he is confronted with danger caused through the negligence of the defendant, but, in specifying

---

4. "Emergency rule" as applied to drivers of automobiles, note, 6 A. L. R. 680.

the duty of the defendant's driver, gives the defendant the benefit of the rule, if confronted with sudden danger, without the limitation that it must have been caused through the negligence of the plaintiff, is erroneous.

[5] ID.—VEHICLES REACHING INTERSECTION SIMULTANEOUSLY — RIGHT OF WAY.—Under the provisions of the Motor Vehicle Act of 1917, other things being equal, the driver of the motor vehicle approaching a street intersection from the right has the superior right if he gets there simultaneously with the driver of the vehicle approaching from the left.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Reversed.

The facts are stated in the opinion of the court.

E. B. Drake for Appellants.

W. I. Gilbert for Respondent.

CONREY, P. J.—In this action plaintiffs' seek to recover damages for personal injuries suffered by the plaintiff Howard by reason of alleged negligence in the operation of an automobile of the defendant. Additional damages are claimed for injuries to the plaintiff Howard's automobile. The injuries complained of were the result of a collision between the automobile of the plaintiff Howard and the automobile of the defendant. The collision occurred at the intersection of Brand Boulevard and West Sixth Street, in the city of Glendale, while the plaintiff was driving his automobile southerly on Brand Boulevard and while the defendant's automobile, driven by his employee, one Lucas, was traveling westerly on Sixth Street. The defendant by his answer denied the negligent operation of his own automobile, and alleged that at said time and place the plaintiff Howard was himself negligent and that the injuries complained of by him, if any, were directly and proximately caused solely by the negligence of said Howard.

5. Violation of statute or ordinance giving one vehicle right of way as against another as affecting liability for injury, notes, L. R. A. 1915D, 1021; L. R. A. 1917D, 693.

Rule of road governing vehicles at intersection of streets and when turning to cross street, note, 41 L. R. A. (N. S.) 336.

In accordance with the jury's verdict, judgment was entered in favor of the defendant, from which judgment the plaintiffs appeal.

·The errors claimed and relied upon by appellants consist in the court's refusal to instruct the jury as requested by the plaintiffs, and in the giving of certain instructions to the jury.

. [1]  The plaintiffs requested and the court refused to give the following instruction: "Doctrine of last chance. Although you may find that plaintiff, by his negligence, got into a place of danger, yet if the deft. discovered in such danger & thereafterwards by the use of ordinary care could have prevented the accident, then it was his duty to have done so and a failure on deft.'s part to have thus prevented the accident was negligence, and if such negligence was the sole proximate cause, then you will find for the plff." The court not only refused the proposed instruction, but it gave no other on the same subject. The instruction itself is not criticized by respondent. The only question presented is whether or not the evidence was such that appellants were entitled to have the jury instructed as requested on the topic stated. Brand Boulevard in the central part thereof is occupied by the double--track railroad of the Pacific Electric Railway Company. That street is one hundred feet wide from curb to curb, with a forty-foot roadway on each side of the railroad tracks. The street is used as a double street; that is, vehicles travel north and south on both sides of the car tracks. The evidence is conflicting with respect to the questions of speed of the automobiles of plaintiff Howard and of the defendant while approaching and crossing the intersection, and upon the further question concerning their relative positions at the time when the plaintiff Howard entered upon the intersection. According to some of this evidence, the jury might have reached the conclusion that when Howard was crossing into West Sixth Street the defendant was on the westerly car track, and that the distance between the two automobiles was thirty feet or more; that Howard's machine swerved to get out of the way and he was doing all that he could in that emergency to avoid the collision; that the defendant was in a position to see, and did see, that unless defendant's machine was stopped a collision would occur; that the defendant could have stopped

his machine in time to avoid the accident, but voluntarily did not do so. In this condition of the evidence the plaintiffs were entitled to an appropriate instruction in the terms proposed by them or the legal equivalent thereof. (*Starck* v. *Pacific Elec. Ry. Co.*, 172 Cal. 277, [L. R. A. 1916E, 58, 156 Pac. 51]; *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15].)

The court correctly instructed the jury that the burden was upon the defendant to prove his allegations of contributory negligence by a preponderance of the evidence. [2] But the court gave the following additional instruction: "In order, therefore, to find a verdict for the plaintiff, you must not only find from a preponderance of all the evidence that the defendant was negligent, but also that such negligence was the proximate cause of the injury to the plaintiff; *and you must further find that the evidence shows, by a preponderance thereof, that the plaintiff was not guilty of negligence, however slight, contributing proximately thereto; otherwise, your verdict should be for the defendant.*" The court thus in its later instruction shifted from the defendant the burden of proving plaintiff's contributory negligence, and imposed upon plaintiff the burden of proving that he was not guilty thereof. This is not the law, and the giving of such instruction to the jury was erroneous. [3] Where, as here, the court first correctly states the rule in general terms, and then directly states the contrary rule in language pointed specifically to the instant case, it is not appropriate to hold that the error is cured by a general view of the instructions as a whole. The case is not like that of *Alloggi* v. *Southern Pac. Co.*, 37 Cal. App. 72, [173 Pac. 1117], cited by respondent, where, after holding that a certain general instruction was erroneous, the court of appeal said: "We are satisfied, however, from a consideration of the instructions as a whole, that this general instruction did not operate to mislead the jury, for the correct rule relative to contributory negligence was in several other instructions stated and restated, and thereby the effect of the erroneous instruction was palliated if not entirely negatived."

[4] The court instructed the jury as follows: "A person suddenly confronted with danger through the negligence of another is not required to use that calm, dispassionate

judgment and action that is required in calmer moments and when not under a stress of circumstances. Therefore, if you find in this case that the plaintiff Howard was suddenly confronted with danger, caused through the negligence of the defendant, which was either caused by the excessive speed, if any, of the defendant, or his being on the wrong side of the highway, if you find he was on the wrong side of the highway, or his failure, if any, to control the movement of his automobile, then the plaintiff Howard, in attempting to escape impending danger, was only required to use the care that an ordinarily prudent person would use under the same or similar circumstances, and not that degree of care that is required when not thus confronted with danger. If you find that he did use the care, under the circumstances proven, that an ordinarily prudent person would have used, then he was not guilty of contributory negligence. *On the other hand, if the driver, Mr. Lucas, was confronted with danger,* suddenly, of a collision between the automobile driven by him and the plaintiff's automobile, then he was required at that time to use only ordinary care to prevent such collision; that is, the care that an ordinarily prudent person would exercise under stress of circumstances, in danger of impending collision; and the care then required is not that degree of care that persons are expected to exercise in calmer moments and where they have time for deliberation; and if you find that the said Lucas was then confronted unexpectedly with danger of a collision with the plaintiff's automobile, and if you find that under those circumstances he used the care that an ordinarily prudent person would have used to avoid the collision, then he was not guilty of negligence, and your verdict should be for the defendant.'' It will be observed that in stating this rule with reference to the plaintiff Howard the court, very correctly, gave him the benefit thereof only in the event that he was confronted with danger caused through the negligence of the defendant. But in specifying the duty of the defendant's driver, the court gives defendant the benefit of this rule, if confronted with sudden danger, without the limitation that it must have been caused through the negligence of the plaintiff. It is not questioned that the rule should have been applied alike in both instances. The only defense offered by respondent for this discrimination is that

the instruction as a whole could not have misled the jury. The instruction as given was erroneous.

Referring to the Motor Vehicle Act of 1917 (Stats. 1917, p. 382) and the provision therein to the effect that the operator of an automobile approaching the intersection of a public highway shall yield the right of way to a vehicle approaching said intersection from the right of such first-named vehicle, the court said: "That means what it says, and it means that, other things being equal, the driver approaching the intersection shall yield the right of way to a vehicle approaching such intersection from the right of such first-named vehicle; but the one reaching the intersection first has the right of way, and if the one approaching from the left reaches the intersection, gets into the intersection, first, other things being equal, he has the right of way, and others will approach with sufficient care to permit the exercise of such right, without danger of collision, and a failure of such person so to do will constitute negligence. Of course, they do not have to stop their machines, unless that would be necessary; but, even though the law says that the one approaching from the right has the right of way, *that means if they get there first;* if the other gets on to the street first, he has the right of way; . . . " The criticism presented by appellants upon this instruction refers to the last-quoted clause, and it is insisted that it wrongfully excludes and contradicts the proposition that the driver approaching from the right has the superior right if he gets there even simultaneously with the driver from the left. [5] Other things being equal, it is undoubtedly true that, under the provisions of the statute, the driver approaching from the right has the superior right if both parties reach the intersection simultaneously.

We are satisfied that these several errors in the instructions may not be disregarded. In their probable effect upon the minds of the jurors, they are of serious import, and may have had controlling influence upon the decision.

The judgment is reversed.

Shaw, J., and James, J., concurred.