[Civ. No. 14590.   First Dist., Div. Two.   Aug. 14, 1951.]

AMANDA BELLOWS, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Philander Brooks Beadle, Howard Magee and Morton L. Silvers for Appellant.

Dion R. Holm, City Attorney and Lawrence S. Mana, Deputy City Attorney, for Respondents.

GOODELL, J.—Plaintiff sued for personal injuries claimed to have been sustained while she was a passenger on a streetcar of the municipal railway. The jury returned a verdict for defendant, and after the denial of a new trial plaintiff appealed from the judgment.

On March 4, 1947, plaintiff, then aged 69, boarded a north-bound Bryant Street car at the southeast corner of 20th and Bryant Streets in San Francisco. At that intersection there is an offset or jog in Bryant Street, and to sidle around it the tracks curved toward the west in what the motorman called a "snake turn" and then straightened out again and resumed a northerly course. The curve began about 90 feet southerly of 20th Street (which is 34 feet wide) and ended about 70 feet northerly thereof. It was while the car was traveling on this piece of track, and close to the point where it straightened out to the north, that the accident happened.

Plaintiff was standing at the time. The conductor testified that traveling over that curved track was dangerous to standing passengers if they were not holding onto something, whether the car was going slow or fast, and that if it went too fast on the curve there would be a lurch. Plaintiff testified that there was a lurch which threw her against the side of the car.

The city pleaded contributory negligence, and appellant's sole contention is that the court erred in one of its instructions on that subject.

The rule is that negligence on the part of a plaintiff is a matter of defense to be proved affirmatively by a defendant unless it can be inferred from the evidence given in the plaintiff's case (*Blanton* v. *Curry*, 20 Cal.2d 793, 804 [129 P.2d 1]; 19 Cal.Jur. § 104, p. 681; *id.* § 119, pp. 697-699; *id.* § 152, pp. 755-757.)

Defendants proposed, and the court gave, the following instruction: "Before you are authorized to find a verdict against defendant . . . it must appear by a preponderance of the evidence that the employees of defendant were guilty of the negligence charged in this complaint, and that such negligence proximately caused or proximately contributed to the injuries, if any, sustained by plaintiff, *and also before you can find a verdict in favor of plaintiff and against defendant, you must further find, from a preponderance of all the evidence, that plaintiff herself was not guilty of negligence proximately contributing to the happening of said accident.*" (Italics added.)

Appellant concedes that the first part of the instruction is sound, but points out that the emphasized part runs counter to the settled rule.

In *Howard* v. *Worthington*, 50 Cal.App. 556, 559 [195 P. 709], the court instructed the jury in language substantially the same as that used in this case, i.e., that ". . . you must further find that the evidence shows, by a preponderance thereof, that the plaintiff was not guilty of negligence, however slight, contributing proximately thereto; otherwise, your verdict should be for the defendant." On appeal it was said: "The court thus . . . shifted from the defendant the burden of proving plaintiff's contributory negligence, and imposed upon plaintiff the burden of proving that he was not guilty thereof. This is not the law, and the giving of such instruction to the jury was erroneous."

Several years later the Supreme Court had occasion to consider a similar, if not identical, situation where, in *Rush* v. *Lagomarsino*, 196 Cal. 308, 314 [237 P. 1066], the court said: ". . . it was not necessary in order to entitle the plaintiff to recover that he should show that the accident occurred without his fault." Among other cases, the court cited *Howard* v. *Worthington*, thus definitely approving that case.

In *Rush* v. *Lagomarsino*, as in *Howard* v. *Worthington*, the instruction was in substantially the same language as that used here, i.e., that "It must also appear to your satisfaction, that the plaintiff was without fault or negligence on his part which may in any wise have contributed to the accident." The court said at page 314: "The instruction thus given was manifestly erroneous because, in effect, it instructed the jury that the plaintiff could not recover unless he affirmatively established that he was not guilty of contributory negligence. . . ."

The city does not deny that the instruction was erroneous. At oral argument its counsel conceded that it *appeared* to shift the burden of proof of contributory negligence, and respondent's reliance on section 4½ of article VI of the Constitution is a further concession. Moreover, although appellant's opening brief makes it clear that she relies on the Lagomarsino and Worthington cases, the city's brief makes no mention of either. Instead of attempting to distinguish them, respondents labor the point that other instructions correctly stated the law and that all of them must be read as a whole.

Appellant of course concedes that instructions must be so read, also that "If a single instruction omits an essential element of the cause, but is a correct declaration of the law so far as it goes, and the omitted element is correctly given in another instruction, the omission will ordinarily be cured thereby." (*Soda* v. *Marriott*, 118 Cal.App. 635, 643 [5 P.2d 675].) But she points out, correctly, that the present situation is not touched by that rule. ■ She invokes the rule stated in the Marriott case as follows: "If, however, an essential principle of law is stated to the jury materially incorrect, this prejudicial error will not ordinarily be cured by a correct declaration of the same principle in another instruction. The giving of instructions which are contradictory in essential elements may warrant the reversal of a judgment for the reason that it is impossible to determine which charge controlled the determination of the jury [citations]."

That rule is applicable to this case.

*Soda* v. *Marriott* is cited approvingly in *Sebrell* v. *Los Angeles Railway Corp.*, 31 Cal.2d 813, 817 [192 P.2d 898], where other citations are to the same effect.

■ We have already seen that the instruction under discussion was essentially the same as the one in *Howard* v. *Worthington*. That case and this are likewise parallel with respect to conflicting instructions. There it appears (50 Cal. App. 559) that "The court correctly instructed the jury that the burden was upon the defendant to prove his allegations of contributory negligence by a preponderance of the evidence." Appellant concedes that such was the case here, but despite the concession we are constrained to remark that the jury was not by any means thus instructed *in so many words*. The instructions relied on as curing the error embraced the subjects of burden of proof, preponderance of the evidence, and contributory negligence, but they were very general in scope. Although they contained correct abstract statements of law none of them stated that the burden of proving contributory negligence was on the defendant with anything like the incisiveness of the instruction under review, which told the jury that *"before you can find a verdict* in favor of plaintiff and against defendant, *you must further find,* from a preponderance of all the evidence, *that plaintiff herself was not guilty of negligence. . . ."* (Italics added.) In the Worthington case, the court said at page 559: "Where, as here, the court first correctly states the rule in general terms, and then directly states the contrary rule *in language pointed*

*specifically to the instant case,* it is not appropriate to hold that the error is cured by a general view of the instructions as a whole.'' (Italics added.)

Admittedly the evidence bearing on contributory negligence was contradictory and, as said in *Rush* v. *Lagomarsino,* page 315 ''. . . in view of the conflict of the evidence adduced upon the entire case, the error of the instruction must have prejudiced the plaintiff and contributed to the verdict found for the defendant.'' It therefore cannot be held that the error comes within the purview of section 4½ of article VI of the Constitution.

The judgment is reversed.

Nourse, P. J., and Dooling, J., concurred.