[Civ. No. 8236.   Third Dist.   Nov. 19, 1953.]

PEDRO G. LOPEZ, Appellant, v. CLAUDE I. KNIGHT,
Respondent.

Philander Brooks Beadle for Appellant.

Hansen & Barstow for Respondent.

PEEK, J.—This is an appeal by plaintiff from a judgment in favor of defendant in an action for personal injuries. The complaint followed the usual allegations relating to the negligent operation of the car by the defendant and the resulting injuries to the plaintiff. The answer admitted the ownership and operation of the car by defendant, denied generally the allegations of negligence, and as affirmative defenses alleged that the accident was unavoidable and that it was the result of the contributory negligence of plaintiff.

No question is raised concerning the sufficiency of the evidence. The sole contention on appeal relates to certain instructions—two of which were given and one which was not. The facts necessary for an understanding of the case are that while plaintiff was either walking or trotting across Highway 99 near the city of Merced he was struck by the automobile driven by the defendant. As a result of the injuries sustained plaintiff, at the time of trial, had no recollection of the happening of the accident. Plaintiff's case consisted solely of his testimony concerning events immediately prior to the accident and the testimony of a police officer concerning the physical facts surrounding the accident. Plaintiff also called defendant under section 2055 of the Code of Civil Procedure.

At the conclusion of the trial numerous instructions were offered by both parties, many of which were given to the jury. Following the charge but before the case was submitted

to the jury, plaintiff's counsel, believing a conflict was apparent in the instructions (by reason of certain formula instructions given at defendant's request relative to contributory negligence and to the question of last clear chance) requested a conference in the judge's chambers. The trial judge stated that he was not going to take the time to write out a formal instruction but he would give an oral instruction to the jury clarifying the question so raised by plaintiff. Thereafter when the court reconvened the judge instructed the jury as follows:

"A question has arisen, ladies and gentlemen of the jury, whether the instructions that I have just read to you are conflicting. The proposition resolves itself to the question of whether the doctrine of contributory negligence applies, or the doctrine of last clear chance applies. I have stated to you that if you find that the plaintiff was guilty of contributory negligence, he cannot recover. That is true unless you find that the doctrine of last clear chance applies. That eliminates contributory negligence from the case. *If you find, however, that the doctrine of last clear chance does not apply, then the doctrine of contributory negligence applies and the plaintiff cannot recover.* I am making that statement to you at this time for the purpose of assisting you in arriving at a proper verdict in this case. Should the matter cause you some concern or in reaching a verdict in this case, I want you to feel free to come back into Court and your foreman present any question upon which there is any doubt of law, at which time the matter can be again taken up with you. I think that covers the field. As I stated to you, ladies and gentlemen of the jury, two forms of verdicts have been prepared, one of which you will use. One is in favor of the plaintiff, the other one is in favor of the defendant. Whatever your verdict is, it must be signed by your foreman and it must be dated and then when that is through, you must return with it to this Court. The clerk will swear the Bailiff." (Italics added.)

It was not contended at the time of trial nor is it now contended that plaintiff was guilty of contributory negligence as a matter of law. Neither do the facts justify such a conclusion.

■ Because of plaintiff's loss of memory the jury, at the outset, was confronted with the evidence afforded by the presumption of due care (Code Civ. Proc., § 1963, subd. 4) which was to be weighed against the evidence offered by

defendant. Thus the jury was presented with a conflict solely within its province to resolve. (See *Russell* v. *Andersen*, 101 Cal.App.2d 684 [226 P.2d 350] and cases therein cited.) ■ It is true that instructions must be read as a whole and a reviewing court is not warranted in reversing a judgment by reason of an erroneous instruction if the charge as a whole, when so read, adequately and fairly instructs the jury. ■ Here, however, the error of the instruction was accentuated by the manner in which it was given—after the entire charge had been read to the jury and after conference of counsel in the judge's chambers, and by his preliminary statement that a question had arisen as to whether or not the instructions just read were conflicting and therefore, to clarify the question he would, in effect, restate the rule for them. Necessarily then, when by that instruction the question of contributory negligence was taken from them such error could not be cured by what the court had previously stated to the jury since to so conclude would be to approve of wholly conflicting instructions. Likewise it cannot be said that the verdict rendered was the only one which the evidence could support. (*Bieser* v. *Davies,* 119 Cal.App. 659 [7 P.2d 388].)

Appellant's second contention attacks the refusal of the court to give the following instruction offered by him:

"Defendant railroad (sic) has alleged the affirmative plea of contributory negligence. The burden of proving contributory negligence is upon defendant. Moreover, plaintiff is entitled to the benefit of a settled rule of law on this subject. That rule is that, in the absence of evidence produced by him to the contrary, a plaintiff who is unable to remember the circumstances of an accident is entitled to the aid of the presumption of law that he did everything that a reasonably prudent person would have done under the circumstances for the protection of his own safety. This presumption in favor of plaintiff that he was not guilty of contributory negligence is, in itself, a species of evidence. It continues with the plaintiff throughout this trial and must prevail unless and until overcome by satisfactory evidence to the contrary."

The record shows that plaintiff at the time of the trial had no recollection of the facts surrounding the accident. In a deposition taken some months prior he was less hazy than at the time of the trial concerning the happening of the accident. However, at neither time could he make a complete statement regarding the same. ■ The rule is well established that a

plaintiff, under the circumstances disclosed, is entitled to the benefit of the presumption contained in section 1963, subd. 4 of the Code of Civil Procedure, which is in itself a species of evidence. The testimony of the defendant who was called by plaintiff under section 2055 of the Code of Civil Procedure, cannot be regarded as evidence of the plaintiff and hence would not dispel, as a matter of law, the presumption that the plaintiff exercised due care for his own concern. Necessarily it was a question for determination by the jury and the court should have so instructed it.

The final contention of appellant relates to the giving of the following instruction:

"The defendant also presents the defense that if Claude I. Knight was in any sense negligent then plaintiff Pedro G. Lopez was also guilty of contributory negligence, which proximately contributed to his injuries. In this connection you are instructed that *before the plaintiff can recover in this action it must appear from the evidence that the injuries to the plaintiff Pedro G. Lopez were caused by the negligence on the part of defendant Claude I. Knight, unmixed with any negligence on the part of plaintiff* Pedro G. Lopez contributed in any manner or in any degree directly and proximately to his injuries, then there can be no recovery and your verdict must be in favor of the defendant." (Italics added.)

It is plaintiff's contention that by the italicized portion the burden of proving contributory negligence was shifted from defendant to himself. In support of his contention three cases are cited, *Howard* v. *Worthington,* 50 Cal.App. 556, 559 [195 P. 709]; *Rush* v. *Lagomarsino,* 196 Cal. 308, 314 [237 P. 1066], and *Bellows* v. *City & County of San Francisco,* 106 Cal.App.2d 57 [234 P.2d 729]. In each of the cases so cited a comparable instruction was given. The court in the Bellows case discussed at length the Howard and Rush cases and concluded that if an essential principle of law is incorrectly stated to the jury such error will not ordinarily be cured by a correct declaration of the same principle in another instruction. This is true, said the court, since "the giving of instructions which are contradictory in essential elements may warrant the reversal of a judgment for the reason that it is impossible to determine which charge controlled the determination of the jury." The court in the Bellows case further held that where an instruction under attack is far more incisive than the general instruction given

"it is not appropriate to hold that the error is cured by a general view of the instruction as a whole" and it cannot be held that the error comes within the purview of section 4½ of article VI of the Constitution.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.