[Civ. No. 18593.   First Dist., Div. Two.   Apr. 26, 1960.]

JAMES J. FIATARONE et al., Appellants, v. S. C. MASTERSON et al., Respondents.

Shirley, Saroyan, Cartwright & Peterson for Appellants.

Appelbaum, Mitchell & Bennett and Lewis N. Mitchell for Respondents.

PAULSEN, J. pro tem.*—Appellants were the owners of a building in Richmond, California, where they operated an Italian-style restaurant and bar. They leased the property to August Sauer who wished to operate the business as a steak house. Sauer informed appellants before the lease was drawn that it would be necessary for him to make numerous alterations in the building and that he could do so at his own expense. Appellants employed respondents, who were attorneys at law, to draw the lease and handle the legal phases of the transaction. It is admitted that appellants were concerned over the possibility of being held liable for the cost of the

---

*Assigned by Chairman of Judicial Council.

work to be done by Sauer and that they told respondents that they must be fully protected.

Section 17 of the lease drawn by respondents, and around which much of the present controversy revolves, reads:

"Lessees agree to pay and discharge all liens and obligations of any nature and kind whatsoever which shall attach to or be imposed upon said premises or to the leasehold created or incurred by said Lessees. Lessee further covenants that he will not make any contract for the construction, repair, or improvement on, in, of or to the said demised premises, or any part thereof, or for any work to be done or materials to be furnished upon or to said demised premises, or any part thereof, without providing in such contract or agreement that no lien of mechanics or materialmen shall be created or shall arise against said above described land and/or the building or improvements at any time located thereon. All persons furnishing any work, labor or materials, as well as all other persons whatsoever shall be bound by this provision and by the notice thereof from and after the date of this lease, and notice is hereby given that no mechanic's lien, materialmen's lien or any other incumbrance made or obtained against the lessee, or his interest in said demised land and/or the building or improvements thereon, shall in any manner or degree affect the title or interest of the lessor in said land and/or the building or improvements thereon. To that end, the lessee further covenants and agrees that he will not make any contract or agreement either oral or written, for any labor, services, fixtures, material or supplies in connection with altering, repairing or improving any building or improvement upon said demised premises without providing in such contract or agreement that the said contractor or contractors waive all right to a mechanic's lien, and waive all right of any subcontractor or subcontractors to mechanics' liens, by reason of furnishing any labor, services and/or material under such contract or contracts, whether written or oral, and that upon execution of such contract or contracts shall, on behalf of the lessors post and record the Notice provided in Code of Civil Procedure Section 1183.1."

After the lease was signed, Sauer remodeled the building and for a short time operated the business at a loss. He was unable to pay for the work or for the materials used and several liens were filed against the property. He had failed to secure binding waivers and neither he nor appellants had posted and filed for record notices of nonresponsibility. The

liens were foreclosed and appellants suffered a loss of more than $25,000.

Appellants commenced the present action for damages and alleged that respondents had "agreed to take all steps necessary to protect" them against liens and losses of that kind; that respondents had negligently and carelessly advised them that they were "fully protected against mechanics' liens, and third party claims, in that . . . it was the responsibility of said Gus Sauer to post a 'Notice of Non-Responsibility' in accordance with section 1183.1 of the Code of Civil Procedure," and further said respondents "negligently failed to advise plaintiffs that it was plaintiffs' responsibility to post said notice if Gus Sauer failed to do so."

Respondents answered, denied all the allegations material to this appeal, and pleaded contributory negligence as an affirmative defense.

As grounds for reversal of the judgment, appellants contend that the court erred in giving or refusing to give certain instructions.

After correctly instructing in general terms on the burden of proof, the following instruction requested by respondents was given:

". . . Where an attorney is charged with negligence in the handling of legal matters for a client, it is necessary for plaintiffs to *allege and prove* four things: First, that there existed the relationship of attorney and client as to the particular matter; second, that in connection with such relationship advice was given; third, that he relied upon such advice and as a result thereof did things that he would not otherwise have done, or that he failed to do certain things for his protection that he would otherwise have done; fourth, that as a direct and proximate result of such advice and the doing of such acts or in reliance thereon he failed to take proper steps for his protection, he suffered loss and was damaged thereby *without any contributory negligence or fault on his part.*" [Emphasis added.]

Instructions of this kind, stating that a plaintiff cannot recover unless he proves that he was without fault and was free from contributory negligence, have generally been held to be prejudicially erroneous. (*Rush* v. *Lagomarsino,* 196 Cal. 308 [237 P. 1066]; *Lopez* v. *Knight,* 121 Cal.App.2d 387 [263 P.2d 452]; *Bellows* v. *City & County of San Francisco,* 106 Cal.App.2d 57 [234 P.2d 729]; *Sheridan* v. *Ravn,* 91 Cal.App.2d 112 [204 P.2d 644]; *Howard* v. *Worthington,* 50 Cal.App. 556 [195 P. 709].) Usually, when general

instructions are correct and specific instructions addressed to the same point are incorrect, the error cannot be cured. (*Howard* v. *Worthington, supra.*) In such a case, the court cannot determine which instruction controlled the determination of the jury. (*Bellows* v. *City & County of San Francisco, supra.*) ██ Whether the giving of an erroneous instruction is prejudicial and had the probable effect of misleading the jury, depends on all the circumstances of the case. (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500, 65 A.L.R.2d 1]; *Prentice* v. *Roberts*, 171 Cal.App.2d 313 [340 P.2d 43]; *Lockhart* v. *Rini*, 171 Cal.App.2d 293 [340 P.2d 344].)

██ The question immediately arises, What, if any, additional burden was placed upon appellants by the giving of the instruction? The answer is, none.

It was argued that the failure to post notices of nonresponsibility constituted contributory negligence. If the instruction erroneously required appellants to prove such failure, it added nothing to their burden of proof. They were already required to do so to make out a case against respondents. The error was not prejudicial.

When stripped of legal verbiage and argument, it appears that on the issue of liability, the only question the jury had to consider was whether or not the respondents had failed to give the required advice. They testified it was given. Appellants testified it was not.

The instructions, when considered as a whole, were fair and adequate.

Judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied May 26, 1960, and appellants' petition for a hearing by the Supreme Court was denied June 22, 1960. Peters, J., was of the opinion that the petition should be granted.