William Edward MITCHELL, a minor by Ralph Mitchell, his father and next friend, Appellant,

v.

Irwin W. KNIGHT, Consolidated Freightways of Delaware (Garrison Fast Freight Division), and Charles L. Gutierrez, Appellees.

No. 402.

Supreme Court of Alaska.
Aug. 20, 1964.

**894**

Joe P. Josephson and John L. Rader, Anchorage, for appellant.

David H. Thorsness, Hughes, Thorsness & Lowe, Anchorage, for appellee Irwin W. Knight.

Eben H. Lewis, Robison, McCaskey & Lewis, Anchorage, for appellees Consolidated Freightways and Charles L. Gutierrez.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellee Gutierrez stopped his truck at a highway intersection in order to permit appellee Knight, who was approaching from the opposite direction, to make a left turn. Appellant was driving a motorbike and was in the right hand lane of traffic going in the same direction as Gutierrez. Appellant passed Gutierrez and entered the intersection where his motorbike and Knight's car collided. Appellant was injured and brought this action for damages against appellees. A jury returned a verdict for appellees and appellant has appealed. Appellant contends that the court erred in ex-cluding evidence of a matter of custom relating to motor vehicles in giving certain instructions to the jury, and in refusing to grant his challenge for cause of a prospective juror.

*Evidence of Custom.*

The trial court refused to allow appellant to prove that it was customary for a driver of a vehicle in his position to proceed through the intersection at the same speed that traffic normally flowed along the highway, when the light was green and the lane of traffic to the driver's left had stopped because someone coming from the opposite direction was preparing to make a left turn.

■ For evidence to be admissible it must be relevant [1] and to be relevant it must tend to establish a material proposition.[2] Appellant contends that the evidence of custom which he offered was relevant because it would tend to establish two propositions: negligence on the part of Knight, and lack of negligence on appellant's part.

■■ To prove that Knight was negligent, it was necessary to show that he failed to exercise such care as a reasonably prudent person would have exercised under like circumstances. This was the test to be used by the jury under the court's instructions. Proof that it was customary for one in appellant's position to proceed through the intersection at the normal highway speed would give rise to the inference that a reasonably prudent person in Knight's position being aware of the custom, would anticipate the continuous flow of approaching traffic and would govern his actions accordingly in making a left turn against such traffic. If the evidence showed that Knight, knowing of the custom, had not governed his actions accordingly in making his left turn, then the existence of the custom might be relevant as tending to show that Knight had failed to act as a reasonably prudent person ought to have acted. But the evidence was all the other way. It was uncontroverted that Knight had signaled for a left turn and had come to a stop before turning

---

1. I Wigmore, Evidence § 9 (3d ed. 1940).

2. McCormick, Evidence § 152, at 315–316 (1954).

left to cross appellant's lane of traffic. Under examination by appellant's counsel, Knight testified that he had realized there might be traffic coming through the intersection in appellant's lane, and that while making his left turn he had checked that lane three times to see if it was clear. This evidence, if believed, tended to show that Knight had done precisely what the evidence of custom would have established he ought to have done as a reasonably prudent person. Proof of the custom would not have tended to establish that Knight had failed to act with reasonable prudence, but only that he should have acted as the evidence shows he did act. The evidence of custom was irrelevant on the issue of whether Knight was negligent.

■ It is quite generally the rule that evidence of custom is admissible as bearing on what the community regards as proper and reasonable conduct under the circumstances, although it is not conclusive.[3] Professor Wigmore limits the application of this rule by spelling out two requirements. The first is that the circumstances must be substantially similar. The second is that the evidence of custom may be excluded by the trial court if it feels that the evidence will merely confuse the issues.[4]

The appellee contends that in the instant case the evidence was properly excluded as not fulfilling the first requirement. He points out that the evidence of custom sought to be introduced by the appellant pertained only to situations in which an ordinary car was stopped in the left turn lane whereas here a large semi-truck tractor was stopped in that lane waiting for the on-coming vehicle in the lane of traffic moving in the opposite direction to negotiate its left turn. This, says the appellee, demonstrates that the circumstances were not substantially the same.

■ The trial court apparently felt that the difference in circumstances was substantial enough to render the evidence of custom inadmissible. The appellant has not convinced us that the trial court erred in the decision it reached on this point. When a person in appellant's position sees that the light ahead is green, that the lane of traffic to his left has stopped, and that his view of the intersection is not unobstructed, reasonable prudence calls for him to slow down and proceed into the intersection with caution because of the likelihood that the intersection has been blocked by a vehicle which may be intending to enter or cross that person's lane of traffic. The evidence of custom was not relevant in the circumstances of this case to the question of whether appellant had exercised the proper degree of care for his own safety. The trial judge did not err in excluding such evidence.

*Instructions.*

Appellant contends that the trial court erred in giving to the jury instruction No. 12, which he characterizes as an unavoidable accident instruction. In brief, that instruction told the jury that the accident could have occurred without the appellee Knight being negligent.[5]

---

3. Denning Warehouse Co. v. Widener, 172 F.2d 910, 913, 13 A.L.R.2d 669, 680 (10th Cir. 1949); American Smelting & Ref. Co. v. Wusich, 92 Ariz. 159, 375 P. 2d 364, 367 (1962); Fowler v. Key System Transit Lines, 37 Cal.2d 65, 230 P. 2d 339, 341–342 (1951); Adkins v. Barrett, 196 Or. 597, 250 P.2d 387, 391–392 (1952); 2 Harper & James, Torts § 17.3 (1956); Prosser, Torts § 32 (2d ed. 1955).

4. 2 Wigmore, Evidence § 461 at 490 (3d ed. 1940).

5. Instruction No. 12 provided:
   "Negligence is never presumed. The presumption of law is that persons act with due care for the safety of other persons and their own safety. A mere surmise that there may have been negligence on the part of the defendants, or any one of them, or the mere fact that an accident happened wherein the plaintiff was injured does not, in and of itself, entitle the plaintiff to a verdict against the defendants, or any one of them.
   "The fact that an accident occurred and that the plaintiff sustained injuries therefrom, raises no presumption that the accident and the resulting injuries were caused by the negligence of the defendants, or any one of them. Accidents may and do occur in the ab-

It was improper to give that instruction because the jury could have found from the evidence that lack of care on Knight's part brought about the situation where the collision between his car and appellant's motorbike became inevitable or unavoidable.[6] However, every error committed in the course of a trial does not call for reversal.[7] Appellant does not point out in his brief, nor do we perceive in the light of all of the evidence in this case and the instructions as a whole, how instruction No. 12 could have confused or misled the jury to appellant's prejudice. The error in giving instruction No. 12 was harmless.

Appellant contends that it was error for the court to give instruction No. 11.[8] That portion of the instruction relating to degrees of negligence and slight negligence on the part of the appellant might have the tendency to mislead the jury into believing that appellant was subject to a higher standard of care than appellees, and thus that less proof would be required to establish appellant's contributory negligence than appellees' negligence. For this reason we disapprove of the instruction. However, we find no prejudice to appellant in this instance because instruction No. 10 adequately dealt with the subject of contributory negligence according to the conventional standard of the ordinarily prudent person, and the evidence of contributory negligence was such that the jury could have found appellant guilty of contributory negligence by applying the normal standard of care demanded by ordinary prudence.

In instruction No. 24 the jury was told that the following ordinance of the City of Anchorage, which governed the conduct of the parties to this action, was in effect at the time of the accident:

"No person shall drive a vehicle upon a street or highway at a speed greater than is reasonable or prudent, having due regard for the traffic on, and the surface and width of the street or highway, and in no event at a speed which endangers the safety of persons or property." [9]

Appellant objected to this instruction on the ground that there was not also an instruction that the established ordinance speed limit in the area at the time of the accident was 30 miles an hour.

In his brief on this appeal the appellant does not argue that it was error for the trial court merely to refuse to instruct the jury as to the posted speed limit. Such an argument, if made, would have little merit because evidence was introduced without objection showing the posted speed limit to be 30 miles an hour. The basic argument made by appellant in this court is that the

sence of negligence and in order to fix liability upon the defendants, or any one of them, it is necessary for the plaintiff to prove by a preponderance of the evidence that the defendants, or any one of them, were negligent and that such negligence was the proximate cause of plaintiff's injuries."

6. Harrison v. Garner, 379 P.2d 948, 949 (Alaska 1963).

7. Civ.R. 61; Davidsen v. Kirkland, 362 P. 2d 1068, 1069–1071 (Alaska 1961).

8. Instruction No. 11 provided:
"Mention has been made of contributory negligence. The general rule of law applicable to cases like the one before you is that the plaintiff is not entitled to recover for injuries claimed to have been sustained by reason of the negligence of the defendants if the plaintiff himself was guilty of

contributory negligence, so that the injuries for which suit is brought were the proximate result of the concurring negligence of both the plaintiff and defendants. Under the rule mentioned, the degree of negligence of the parties is of no consequence; that is to say, if you find that the plaintiff was negligent and that his negligence proximately contributed to the accident and to the resulting injuries, 'even though the negligence of the plaintiff was slight and the negligence of the defendants was great in proportion,' still, if you find that the negligence of the plaintiff proximately contributed to the accident and the resulting injuries, the plaintiff is not entitled to recover because recovery is barred by contributory negligence."

9. Anchorage, Alaska, Code of Ordinances, § 19–45 (1957).

trial court erred in failing to tell the jury what the significance was of the basic speed ordinance quoted in instruction No. 24 and how it related to the 30 mile an hour posted speed limit. This argument is being advanced for the first time. It was not brought to the attention of the trial court. That court was never distinctly informed by appellant's counsel of the matter to which counsel objected and the grounds of his objection, as Civil Rule 51(a) requires.[10] Since that rule was not complied with, the matter will no be considered on appeal.[11]

*Challenge of Juror.*

As his final point appellant contends that the trial court erred in denying his challenge for cause of a prospective juror. The juror in question testified on voir dire that he was in the insurance business, that he had sold a partnership life insurance policy to counsel for appellees, Consolidated Freightways and Gutierrez, that he would be more conservative than the normal juror on damages, and that he had tried to defeat appellant's counsel in a political contest. The juror also stated that he felt he could be fair and impartial, would allow a justifiable award, and would follow the instructions of the court in arriving at a verdict. Appellant challenged this juror for cause on two grounds: (1) that a debtor-creditor relationship existed between the juror and the appellees' counsel, because of the sale of the insurance policy from which the juror was receiving commissions based on the premiums paid by counsel's law partnership[12]; and (2) on the ground that the juror's statement that he would be more

conservative than the normal juror revealed a state of mind which would prevent him from rendering a just verdict.[13] The trial court denied the challenge, and the juror was excused by appellant by the exercise of a peremptory challenge.

As to the first ground, we find no error in the trial court's denial of the challenge. There was no debtor-creditor relationship within the purview of Civil Rule 47(c). The juror was owed no money by appellees' counsel. What the juror received as commissions on the basis of premiums paid was received from the insurance company and not from appellees' counsel.

As to the second ground of challenge, we also find no error in the court's action in denying the challenge. Civil Rule 47(c) places the determination of challenges for cause in the discretion of the trial judge. We shall interfere with the exercise of that discretion only in exceptional circumstances and to prevent a miscarriage of justice. We find no reason to interfere in this instance. It is true that the challenged juror said that he would be more conservative than the average juror. But he also said that he felt he could be fair and impartial, that he would allow a justifiable award, and that he would follow the instructions of the court in arriving at a verdict. The judge had the opportunity to listen to what the juror said and to observe his demeanor. We cannot say that the judge was wrong in concluding that the juror's state of mind was such that he was able to render a just verdict.

The judgment is affirmed.

10. Civ.R. 51(a) provides in part:
"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

11. Gregory v. Padilla, 379 P.2d 951, 955 (Alaska 1962).

12. Civ.R. 47(c) provides as a ground for challenge of a prospective juror for cause:
"(10) That the person is the * * * debtor, creditor * * * of a party or attorney."

13. Civ.R. 47(c) provides as a ground for challenge of a prospective juror for cause:
"(3) That the person shows a state of mind which will prevent him from rendering a just verdict * * *."