**ALASKA BRICK COMPANY, Inc.,**
a corporation, Appellant,

v.

**Roland L. McCOY, Appellee.**

**No. 505.**

Supreme Court of Alaska.

April 2, 1965.

Charles W. Hagans and James J. Delaney, Jr., Delaney, Wiles & Moore, Anchorage, for appellant.

James K. Tallman, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

This case is before us for the second time.

Appellant's truck had been left unattended, without flares or lights or other warning signals, in its proper lane of traffic on the Seward Highway. While driving to Seward, appellee collided with the rear end of the truck and was injured. He brought suit for injuries and the jury returned a verdict in his favor. The trial court granted appellant's motion for judgment notwithstanding the verdict on the ground that appellee was contributorily negligent as a matter of law. The court did not rule on appellant's motion for a new trial.

On the first appeal[1] we held that it was error for the court to set aside the verdict and grant appellant's motion for judgment. We said that it was a question for the jury as to whether appellee had been contributorily at fault. We remanded the case

1. McCoy v. Alaska Brick Co., Opinion No. 192, 389 P.2d 1009 (Alaska 1964).

with directions to the trial court to rule upon appellant's motion for a new trial, and to enter judgment for appellee on the verdict if the motion were denied.

On remand, the trial court denied appellant's motion for a new trial and this appeal followed.

█ Appellant's first point is that the court erred in giving to the jury Instruction No. 19.[2] In substance, that instruction told the jury that the accident could have happened without fault on the part of either appellant or appellee. This, in essence, amounts to an instruction on unavoidable accident. It was improper to give that instruction because the jury could have found from the evidence that lack of care on the part of either appellant or appellee brought about the situation where the accident became inevitable or unavoidable.[3]

Appellant contends that Instruction No. 19 misled the jury as to the existence of contributory negligence because the jury was told, in effect, that driving into the rear end of appellant's truck created no inference of negligence on appellee's part. Appellant says that the particular portion of Instruction No. 19 which so misled the jury was as follows:

"[T]he mere fact that an accident happened wherein the plaintiff was injured does not, in and of itself, entitle the plaintiff to a verdict against the defendant, nor serve as actual proof that the plaintiff was guilty of contributory negligence."

Instruction No. 19 dealt with the concept of unavoidable accident, not only in relation to absence of contributory negligence by appellee, but also in relation to the absence of negligence on appellant's part. This is evidence from the portion of the instruction referred to by the appellant, and also by the second paragraph of the instruction which reads as follows:

"The fact that an accident occurred and that the plaintiff sustained injuries therefrom, raises no presumption that the accident and the resulting injuries were caused by the negligence of the defendant. Accidents may and do occur in the absence of negligence and in order to fix liability upon the defendant, it is necessary for the plaintiff to prove by a preponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause of plaintiff's injuries."

If the instruction tended to mislead the jury as to the existence of contributory negligence it must have also tended to be misleading as to the existence of negligence, because the entire second paragraph dealt with the concept of unavoidable accident as related to the absence of negli-

---

2. Instruction No. 19 provided:

"Negligence is never presumed. The presumption of law is that persons act with due care for the safety of other persons and their own safety. This applies both to negligence charged by the plaintiff against the defendant and also the averment of contributory negligence made by the defendant as to the acts of the plaintiff. A mere surmise that there may have been negligence on the part of the defendant or contributory negligence on the part of the plaintiff, or the mere fact that an accident happened wherein the plaintiff was injured does not, in and of itself, entitled [sic] the plaintiff to a verdict against the defendant, nor serve as actual proof that the plaintiff was guilty of contributory negligence.

"The fact that an accident occurred and that the plaintiff sustained injuries therefrom, raises no presumption that the accident and the resulting injuries were caused by the negligence of the defendant. Accidents may and do occur in the absence of negligence and in order to fix liability upon the defendant, it is necessary for the plaintiff to prove by a preponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause of plaintiff's injuries."

3. Harrison v. Garner, 379 P.2d 948, 949 (Alaska 1963); Mitchell v. Knight, Opinion No. 241, 394 P.2d 892, 896 (Alaska 1964).

gence on the part of appellant. But the jury must have found that there was negligence on appellant's part, because a verdict was returned for appellee. Obviously, Instruction No. 19 did not mislead the jury as to the existence of negligence. It would be reasonable to presume, then, that the jury also was not misled by the instruction as to the existence of contributory negligence.

The giving of Instruction No. 19 was improper, as we have stated. But it does not appear that the jury was thereby confused or misled to appellant's prejudice. The error in giving the instruction was harmless.[4]

This is the third case in which we have been asked to review the propriety of using an unavoidable accident instruction.[5] In each instance we have disapproved of its use. From our experience and repeated consideration of authorities on this subject, we are unable to conceive of any situation in the typical negligence action where such an instruction would be appropriate. Such a situation might develop in the future; we do not foreclose that possibility. But as of this time we are convinced that in the ordinary negligence action an instruction on unavoidable accident is unnecessary and has a tendency to complicate the task that the jury has to perform.[6] We express our disapproval of the continued use by the trial courts of such an instruction as a standard instruction in negligence actions.

 As its next point appellant contends that the court erred in denying the motion for a new trial. Civil Rule 59(a) provides that "A new trial may be granted * * *

if required in the interest of justice." The trial judge thought that an injustice would be done by allowing the verdict in favor of appellee to stand, because of his conviction that appellee was contributorily negligent in driving into the rear end of appellant's truck. However, the judge believed he was foreclosed from granting a new trial because of our ruling on the first appeal, where we set aside the judgment notwithstanding the verdict and held that under the facts it was a jury question as to whether appellee had been contributorily at fault.

Appellant argues that the trial judge misconstrued the effect of our ruling on the first appeal. It is appellant's contention that even though the evidence was such that a judgment notwithstanding the verdict was improper, the trial judge still should have set the verdict aside and granted a new trial in the interest of justice if in his opinion the verdict was contrary to the clear weight of the evidence. It is apparently appellant's position that the verdict in appellee's favor is against the weight of the evidence as to the issue of contributory negligence, and that the judge would have so ruled and granted a new trial had he understood the difference between his function in ruling on a motion for judgment for insufficiency of evidence, and in ruling on a motion to set aside the verdict as against the weight of the evidence and grant a new trial.

That there is a distinction between the functions of the trial judge in the handling of the two motions is recognized by the federal courts.[7] We noted the existence

---

4. Mitchell v. Knight, supra note 3.

5. The other cases are Harrison v. Garner and Mitchell v. Knight, cited in note 3, supra.

6. Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 504–505, 65 A.L.R.2d 1 (1958); Vespe v. Dimarco, 43 N.J. 430, 204 A.2d 874, 880–882 (1964); Fenton v. Aleshire, 393 P.2d 217, 221–223 (Ore. 1964); Lewis v. Buckskin Joe's, Inc., 396 P.2d 933, 941–942 (Colo.1964).

7. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 249–251, 61 S.Ct. 189, 85 L.Ed. 147, 152–153 (1940); Mt. Adams & E. P. Inclined Ry. v. Lowery, 74 F. 463, 470, 476–477 (6th Cir. 1896); Moist Cold Refrigerator Co. v. Lou Johnson Co., 249 F.2d 246, 251–252, 256 (9th Cir. 1957), cert. denied, 356 U.S. 968, 78 S.Ct. 1008, 2 L.Ed.2d 1074 (1958); 6 Moore, Federal Practice § 59.08 [5] (2d ed. 1953).

of the distinction in a recent decision.[8] But we hold that the distinction has no application here.

In ruling on the propriety of the judgment notwithstanding the verdict on the first appeal, we applied a test of reasonableness. We held that whether appellee had exercised proper care for his own safety was a question on which there was room for diversity of opinion among reasonable men. Logically, a decision of that question reached by reasonable men would be a reasonable decision. It would seem inconsistent, then, to hold that such a decision was contrary to the weight of the evidence, because this would be equivalent to saying that under the evidence the jury could not reasonably have decided as they did on a question on which reasonable minds could differ. We hold that the trail judge properly concluded that appellant's motion for a new trial should be denied.

■ Prior to our hearing this case, appellee moved to dismiss the appeal. His ground was that appellant was seeking to raise the issue of the insufficiency of the evidence to support a jury finding that appellee was not contributorily negligent, and that this issue had already been decided adversely to appellant on the first appeal. We reserved decision on the motion to dismiss until after arguments were heard.

The first time this case was before us the trial judge had not ruled on appellant's motion for a new trial. The court's action in granting appellant's motion for judgment did not effect an automatic denial of the alternative motion for a new trial, because the latter motion had assigned grounds, such as excessiveness of the verdict and errors in giving and refusing instructions, which were not appropriate to be considered in connection with the motion for judgment.[9] Our action in reversing the judgment notwithstanding the verdict, and the trial judge's subsequent decision not to set aside the verdict and grant a new trial, resulted for the first time in a judgment being entered in favor of appellee. This judgment was appealable by appellant for errors of law committed on the trial. One of those claimed errors dealt with Instruction No. 19, which we have disposed of. Appellant had no occasion to raise that matter in the first appeal, because at that time the judgment was in its favor and it had nothing to complain about. Appellee's motion to dismiss the appeal is denied.

■ In his brief on this appeal, appellee asks us to modify the judgment by increasing the attorney's fees allowed as costs from $708 to $1,978.40. Appellee did not take a cross appeal. Nor did he even file a cross statement of points in appellant's appeal, which at least would have alerted appellant to the existence of the issue as to attorney's fees so that additional portions of the record might have been designated if appropriate. Orderly procedure will not permit an appellee to attack a judgment for the first time in his brief in the appellant's appeal. We shall not pass upon the matter as to the attorney's fees allowed by the trial court.

The judgment is affirmed.

---

8. Alaska State Housing Authority v. Vincent, Opinion No. 261, 396 P.2d 531, 534 (Alaska 1964).

9. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 249–252, 61 S.Ct. 189, 85 L. Ed. 147, 152–153 (1940).