Doris HARRIS and William Harris,
her husband, Appellants,

v.

BARRETT & LESH, INC., a corporation,
Appellee.

No. 754.

Supreme Court of Alaska.

April 10, 1967.

James K. Tallman, Anchorage, for appellants.

James K. Singleton and Eugene F. Wiles, of Delaney, Wiles, Moore & Hayes, Anchorage, for appellee.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

Appellant Doris Harris slipped and fell while shopping for groceries in appellee's store. She then sued appellee for personal

injuries allegedly sustained as a result of the fall. At trial the jury returned a verdict in appellee's favor. Judgment was entered upon the verdict dismissing the action and awarding costs and attorney's fees to appellee. Appellant's motion for new trial was subsequently denied and this appeal followed.[1] We affirm the judgment which was entered below.

Appellant's first specification of error is that the superior court erred in giving Instruction No. 7. This instruction reads as follows:

The issues to be determined by you in this case are these:

First: Was the defendant negligent?

If your answer to that question is 'no', you will return a verdict for the defendant. If your answer is 'yes', you will have a second issue to determine, namely:

Was that negligence a proximate cause of any injury to the plaintiff?

If your answer to that question is 'no', plaintiff is not entitled to recover, but if your answer is 'yes', you then must find on a third question:

Was the plaintiff guilty of contributory negligence?

If your answer to that question is 'yes', your verdict must be for the defendant, but if your answer is 'no', and you previously have found that negligence on defendant's part was a proximate cause of plaintiff's injury, you then must fix the amount of plaintiff's damages and return a verdict in her favor.

As indicated in this instruction, you should first determine the question of liability before you undertake to fix an amount that would compensate for damage, if any, found to have been suffered.

Appellant claims this instruction placed "too great a burden" upon her because it was repetitious and emphasized "the burdens" which were placed upon her in other instructions. We hold that the instruction was not erroneous. It correctly outlined the issues which the jurors were asked to decide, and also properly informed them that they were to consider the issue of liability before they determined damage questions. In our opinion this instruction was not repetitious nor did it overly emphasize appellant's burdens of proof in regard to appellee's negligence and the proximate cause issue.

Appellant next argues that the superior court erred in instructing the jury on the issue of contributory negligence. Instruction No. 8 of the court's instructions read in part as follows:

Mention has been made of contributory negligence. The general rule of law applicable to cases like the one before you is that the plaintiff is not entitled to recover for injuries claimed to have been sustained by reason of the negligence of the defendant if the plaintiff himself was guilty of contributory negligence, so that the injuries for which suit is brought were the proximate result of the concurring negligence of both the plaintiff and defendant.[2]

The trial court also gave the jury two additional instructions which are pertinent to the disposition of appellant's second

1. Appellant's specifications of error in this appeal are substantially identical to the grounds which were urged in support of her motion for new trial.

2. This instruction also dealt with degrees of negligence. In this regard Instruction No. 8 reads in part:

Under the rule mentioned, the degree of negligence of the parties is of no consequence; that is to say, if you find that the plaintiff was negligent, and his negligence proximately contributed to the accident and to the reuslting injuries, even though the negligence of the plaintiff was slight and the negligence of the defendant was great in proportion, still, if you find that the negligence of the plaintiff proximately contributed to the accident and the resulting injuries, the plaintiff is not entitled to recover because recovery is barred by contributory negligence.

specification of error. In Instruction No. 13 the jurors were informed that:

> Negligence is the doing of an act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, actuated by those considerations which ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care in the management of one's property or person.

In regard to the contributory negligence issue, the jurors were further told in Instruction No. 14 that

> contributory negligence is an affirmative defense, and must be proven by a preponderance of the evidence. If the defendant does not preponderate in the evidence, then you must not consider the question of contributory negligence.

■ Appellant argues that Instruction No. 8 should not have been given because "no evidence was introduced by the defendant on the question of contributory negligence and there was no evidence from which the jury could infer that the plaintiff was contributorily negligent in this case." Appellant's first contention is disposed of by our decision in Smith v. Boen-Koon & Egge-Cummins Constr. Co.[3] In that case we said:

> Counsel says, in effect, that since the plaintiff had proved negligence on the part of the defendant and the defendant introduced no evidence of contributory negligence, the court should have found for the plaintiff. That argument overlooks the rule of law that a defendant who has pleaded the defense of contributory negligence may establish the defense by the plaintiff's own evidence or by inferences favorable to the defendant which appear from the presentation of the plaintiff's case either on direct or cross-examination. [Citing Bellows v. City and County of San Francisco, 106 Cal.App. 2d 57, 234 P.2d 729, 730 (1951); John-

ston v. Vukelic, 67 Wyo. 1, 213 P.2d 925, 930 (1950); 2 Harper and James, Torts § 22.11, at 1236 (1956).]

Here appellee had pled the affirmative defense of contributory negligence, and under our holding in *Smith* could establish this defense from appellant's own evidence or favorable inferences therefrom.

In regard to the second facet of appellant's argument that the evidence did not justify submission of the contributory negligence issue to the jury, our decision in City of Anchorage v. Steward[4] is apposite. In that case we stated:

> The city's main point on appeal is that the trial judge erred in ruling that plaintiff was not guilty of contributory negligence and that he arrived at the ruling because of his original mistaken belief that plaintiff must have had actual knowledge of the existence of the pipe stub before he could be held to be guilty of contributory negligence.

> The undisputed testimony of three witnesses, including that of the plaintiff, was that the pipe stub was plainly visible. Photographs admitted into evidence bear out this testimony. The fall occurred around 9 a. m. It was winter daylight, and the testimony of witnesses, including plaintiff, was that there was sufficient light to see well. Admittedly plaintiff was not looking at the sidewalk at the time he stumbled.

> To determine whether or not the plaintiff was guilty of contributory negligence the trial judge should have considered whether the pipe stub was such an obvious defect that a reasonably careful and prudent person under the same circumstances would have seen and avoided it in crossing the sidewalk. If the trial judge found that the plaintiff's conduct measured up to that of a reasonably careful and prudent person under the same circumstances then a holding that plaintiff was free of contributory negli-

---

3. 384 P.2d 283, 286 (Alaska 1963).

4. 374 P.2d 737, 738 (Alaska 1962). (Footnote omitted.)

gence would have been proper. Otherwise the trial judge should have held that plaintiff's conduct fell below that of the reasonable man and that he was contributorily at fault.[5]

We have previously held that a jury question is presented as to negligence or contributory negligence when fair-minded jurors could differ as to the facts pertaining to these issues.[6] In our opinion the record supports the trial judge's conclusion that the issue of contributory negligence was one that should be submitted to the jury for determination. We hold that a jury question was presented as to whether a reasonably careful and prudent person,

under the circumstances of the case at bar, should have seen and avoided the substance on appellee's floor which purportedly caused her fall.

In the case at bar the very evidence which permitted appellant to reach the jury on the question of appellee's negligence also established the basis for submission of the contributory negligence issue.[7] We hold that the issue of contributory negligence was properly submitted to the jury in this case.[8]

Appellant's third contention in regard to contributory negligence is that a finding of contributory negligence does not preclude the jury from returning a verdict in plaintiff's favor.[9] Appellant's counsel

5. In Saslow v. Rexford, 395 P.2d 36, 41 (Alaska 1964), it was stated in part that:

Contributory negligence has been defined as consisting of 'conduct which involves an undue risk of harm to the person who sustains it.' It is one's failure to exercise reasonable prudence for his own safety when he perceives danger to himself created by another's negligence.

See also Van Reenan v. Golden Valley Elec. Ass'n, 379 P.2d 958, 962 (Alaska 1963).

6. Mallonee v. Finch, Opinion No. 337, 413 P.2d 159, 162 (Alaska 1966); Otis Elevator Co. v. McLaney, 406 P.2d 7, 9–10 (Alaska 1965); Crawford v. Rogers, 406 P.2d 189, 194 (Alaska 1965); Saslow v. Rexford, 395 P.2d 36, 41 (Alaska 1964); McCoy v. Alaska Brick Co., 389 P.2d 1009, 1010 (Alaska 1964).

7. Appellant's own testimony was that she had been shopping in appellee's store for approximately forty minutes prior to the accident. That she slipped and fell while reaching for some Kleenex towels after pushing a loaded food cart to that location. After she was down she noticed that she had fallen on a sticky substance (i. e., syrup). Just prior to falling, appellant's testimony establishes that she had not been looking at the floor in the aisle in which she was shopping.

After she had fallen, appellant observed the existence of clearly visible tracks (from the syrup) running up and down the aisle she had fallen in for distances of at least fifteen feet from the point of her fall.

8. In Mitchell v. Knight, 394 P.2d 892, 896 (Alaska 1964) (Footnote omitted.), we said:

Appellant contends that it was error for the court to give instruction No. 11. That portion of the instruction relating to degrees of negligence and slight negligence on the part of the appellant might have the tendency to mislead the jury into believing that appellant was subject to a higher standard of care than appellees, and thus that less proof would be required to establish appellant's contributory negligence than appellees' negligence. For this reason we disapprove of the instruction. However, we find no prejudice to appellant in this instance because instruction No. 10 adequately dealt with the subject of contributory negligence according to the conventional standard of the ordinarily prudent person, and the evidence of contributory negligence was such that the jury could have found appellant guilty of contributory negligence by applying the normal standard of care demanded by ordinary prudence.

In note 2 supra that part of the court's Instruction No. 8 which contains language we disapproved of in the Mitchell case is set out. Here, as in that case, we find no prejudice to appellant as Instructions No. 13 and 14 adequately dealt with the contributory negligence issue under the Mitchell standard.

9. Appellant relies on two cases from Arizona in support of her argument that the jury can still find for a plaintiff despite the element of contributory negligence. See Krek v. Briel, 3 Ariz.App. 126, 412

subsequently amplified this position during oral argument, at which time he requested this court to deviate from its previous holdings and adopt a comparative negligence rule for this jurisdiction. We are not inclined to rule upon such a significant policy matter when it has been so casually treated by appellant's counsel.

In Ahlstrom v. Cummings [10] we said:

As their last two points appellants argue that the trial judge erred in refusing to admit certain hospital records into evidence, and that the jury's verdict was the result of passion or prejudice. We need not decide the question as to the admissibility of the hospital records,

since they related to the issue of damages which passed out of the case when the question of liability was resolved in appellees' favor. As to the verdict, there is nothing to indicate that the jury was ruled by passion or prejudice.

■ Appellant's four remaining specifications of error all deal with errors pertaining to damage issues.[11] We consider *Ahlstrom* controlling here since the liability issue was resolved against appellant and in our view, the record does not establish that appellant's position as to the liability issue was prejudiced by the trial court's actions in regard to the damage issues.[12]

The judgment entered below is affirmed.

P.2d 301, 304 (1966) and Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444, 445 (1962). In the latter case it was pointed out that the Arizona constitution, article 18, § 5, A.R.S. provides:
"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."
The court in the *Layton* case also stated that the jury should be instructed "that in the event of contributory negligence the jury 'should' find for the defendant [since] [t]his form more accurately advises the jury of its duty."
As we have indicated, we have determined not to pass upon the soundness, or applicability of, these Arizona decisions. This court's past decisions have clearly established that a plaintiff's own contributory negligence bars any right of recovery.

10. 388 P.2d 261, 262–263 (Alaska 1964).

11. Appellant asserts as error the superior court's instructions in which the jurors were told that they were not to award any

damages for permanent injury, and that they were to disregard all testimony relating to an "alleged miscarriage and hysterectomy operation performed on the plaintiff by Dr. Sedwick." Appellant further argues that certain medical bills were wrongfully excluded from evidence, and the court erred in striking all "testimony pertaining to surgery and hospitalization by plaintiff for her female troubles * * *."

12. Cisneros v. Cities Serv. Oil Co., 334 F.2d 232, 233–234 (2d Cir. 1964); Holliday v. Great Atl. & Pac. Tea Co., 256 F.2d 297, 300 (8th Cir. 1958).
We find no merit in appellant's suggestion that *Ahlstrom* is inapplicable because the jury could have found no damages under the court's instructions and rulings as to damage issues and yet have decided the liability issue in favor of appellant. Review of the record refutes this contention for the jury had before it appellant's evidence of lower back injuries and medical expenses related thereto. Nor do the verdict forms, furnished to the jury, lend any support to this contention.