**Roland L. McCOY, Appellant,**

v.

**ALASKA BRICK CO., Inc., a corporation,
Appellee.**

No. 342.

Supreme Court of Alaska.

March 12, 1964.

James K. Tallman, Anchorage, for appellant.

James J. Delaney, Jr., Plummer, Delaney & Wiles, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellee's truck was left unattended, without flares or lights or other warning signals, in its proper lane of traffic on the Seward Highway. While driving to Seward, appellant collided with the rear end of the truck and was injured. He brought suit for injuries and the jury returned a verdict in his favor. The trial court granted appellee's motion for judgment notwithstanding the verdict on the ground that appellant was contributorily negligent as a matter of law. The principal question on this appeal is whether the court erred in setting aside the jury's verdict and granting judgment for appellee.

The evidence showed that appellant was driving between 30 and 35 miles per hour, and that he first noticed the truck about 600 to 800 feet ahead of him. He thought the truck was moving since it was in the driving lane and headed toward Seward. Appellant maintained his speed, and when he was about 150 feet away from the truck he noted that it was not moving. He applied the brakes of his car but was unable to stop in time to avoid colliding with the rear end of the truck.

The road was icy with snow on top of the ice. Appellant was unable to pass the truck on the left because there was a car coming in the opposite direction. He could not swing around the truck to the right because a car to his rear, going in the same direction, chose this route to avoid a collision and thus blocked appellant's chance to turn to the right. A passenger in appellant's car testified that he first noticed the truck wasn't moving when they were the length of two football fields away. Another passenger testified that the truck appeared to be moving when he first saw it about 600 to 800 feet away.

The trial judge viewed the evidence as permitting reasonable minded men to reach only one conclusion: that the carelessness, heedlessness and negligence of appellant was the real cause of the accident, or so contributed to it that without it no collision would have occurred. We take a different view of the evidence. We believe that fair minded men, in the exercise of reasonable judgment, could differ on the question of whether appellant's conduct measured up to that of a reasonably prudent person under the same circumstances. The truck was stopped in the driving lane of the highway due to a mechanical breakdown, and the fact that it was so disabled on the highway was not made noticeable by the placement of lights or flares as required by law.[1] In view of such facts, a jury would be justified in concluding from their experience in human affairs that appellant's belief that the truck was moving when he first saw it some 600 feet away was the result of a normal and not uncommon illusion. As the distance lessened between appellant's car and the stopped truck, there would be some point at which appellant ought to have noticed that the truck was not moving. But we do not believe it can be said as a matter of law that that point was passed when appellant was 150 feet away from the truck and first observed that it was stationary. Whether a reasonably prudent driver under the same circumstances would have observed earlier that the truck was stopped is a question upon which persons could justifiably have different views.

We conclude that there was room for diversity of opinion among reasonable men as to whether appellant had exercised proper care for his own safety, and therefore that it was for the jury to determine

if he was contributorily at fault. It was error for the court to set aside the verdict and grant appellee's motion for judgment.[2]

Appellant's second point on this appeal has to do with the timeliness of appellee's motion for judgment notwithstanding the verdict. The verdict was returned on November 9, 1962. On the same day the clerk made the following notation in the civil docket: "Filed Verdict #1 pltf recover from deft. $10,400.00." On November 15, 1962 a formal judgment was filed and the notation "Filed Judgment" made in the docket. Appellee's motion for judgment was filed November 26, 1962. Appellant contends that the trial court should not have acted upon appellee's motion because it was not filed within 10 days after entry of the verdict.

Appellant's point is not well taken. Under Civil Rule 50(b) one may move for judgment notwithstanding the verdict not later than 10 days after the entry of judgment on the verdict.[3] Civil Rule 58 provides that "The notation of a judgment in the civil docket as provided by Rule 74 constitutes the entry of the judgment * *." Civil Rule 74 requires the clerk to note in the docket all "verdicts and judgments". This rule further provides that "These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court * * *." In this case the clerk's November 9 notation "Filed Verdict #1 * * *" was a notation that a verdict was returned and filed. It was not a notation of a judgment, for the reason that it said nothing about a judgment.[4] Judgment was not entered until the clerk made the notation in the docket "Filed

---

1. 13 Alaska Adm.Code § 343, at 62 (1961).

2. Snipes v. March, Opinion No. 132, 378 P.2d 827 (Alaska 1963).

3. Civ.R. 50(b) provides in part:
   "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the moving party may move not later than 10 days after the entry

of judgment to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict * * *."

4. Danzig v. Virgin Isle Hotel, Inc., 278 F.2d 580 (3d Cir. 1960). See also Vogt v. Winbauer, Opinion No. 117, 376 P.2d 1007 (Alaska 1962), in which we held that

Judgment" on November 15, 1962.[5] The 10-day period for moving for judgment notwithstanding the verdict started running from that date. Appellee's motion was filed not later than 10 days after November 15 [6], and therefore was timely.

■ The judgment notwithstanding the verdict is reversed. In order to avoid piece-meal disposition of this litigation, the judge also should have ruled upon appellee's motion for a new trial, which had been prayed for in the alternative with the motion for judgment.[7] The case is remanded with directions to rule upon the motion for a new trial, and to enter judgment for appellant on the verdict if the motion is denied.

the following docket notation constituted the entry of judgment on the verdict: "Enter Judgment on Jury Verdict # I— in favor of Pltf in amt of $34,492 00— pursuant to rule 58, civil procedure per *Courts Instruction.*"

5. Civ.R. 58 requires a judgment on the verdict of a jury to be entered "forthwith" by the clerk. In this case, since the verdict was returned during regular office hours on November 9, 1962, the clerk ought to have entered judgment by making the proper docket notation on that day. It is contrary to the letter and purpose of Rule 58 to postpone entry of judgment until after a formal, written judgment has been signed by the judge and filed.

6. The motion was filed on November 26, 1962 which was on the eleventh calendar day after judgment was entered. However, the tenth day, November 25, 1962, fell on Sunday, and therefore was not to be included in computing the ten-day period. Civ.R. 6(a).

7. Snipes v. March, Opinion No. 132, 378 P.2d 827, 829 (Alaska 1963).