George CURTISS and Nancy Curtiss, and all other persons or parties unknown claiming a right, title, estate, lien or other interest in the real estate described in the Complaint in this action, hereby designated as Unknown Defendants, Appellants,

v.

Thomas H. HUBBARD and Frances H. Hubbard, Appellees.

No. S–722

Supreme Court of Alaska.

Aug. 2, 1985.

Chrystal Sommers Brand and Edward G. King, Ziegler, Cloudy, King, Brown & Peterson, Ketchikan, for appellants.

A. Lee Petersen, Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

We decided the merits of this case in *Hubbard v. Curtiss*, 684 P.2d 842 (Alaska 1984), affirming the judgment in part, reversing it in part, and remanding the case for entry of a decree quieting title to a portion of the property involved in favor of the Curtisses. On remand, the Curtisses moved for an award of attorney's fees. The trial court denied the motion on two grounds: first, because awarding attorney's· fees would exceed the scope of the remand from this court, and second, because the Curtisses were not the prevailing parties, even if our decision were considered. The court thus let stand its determination that neither party had prevailed and each should bear his or her own costs and attorney's fees.

In our view the scope of the remand on the merits did not preclude the court from addressing once again the question of attorney's fees. Attorney's fees are awarded to the prevailing party under Civil Rule 82. An appellate decision affirming a judgment in part and reversing it in part may change important facts on which an earlier prevailing party determination was based. The trial court has the power to reconsider its determination after such a decision so that the goal of awarding partial attorney's fees to the party who has won the lawsuit can be realized. This is consistent with the practice in previous cases that have been remanded by this

court to the superior court for further proceedings. *See, e.g., Continental Insurance Co. v. United States Fidelity and Guaranty Co.,* 528 P.2d 430 (Alaska 1974), *appeal after remand* 552 P.2d 1122 (Alaska 1976); *Western Airlines, Inc. v. Lathrop Co.,* 499 P.2d 1013 (Alaska 1972), *appeal after remand* 535 P.2d 1209, 1216–17 (Alaska 1975); *McCoy v. Alaska Brick Co.,* 389 P.2d 1009 (Alaska 1964), *appeal after remand* 400 P.2d 454, 457 (Alaska 1965).

█ The court did not, however, abuse its discretion in determining that neither party had prevailed. The Curtisses claimed that they owned all of Lot 13. At the trial this claim was resolved against them and in favor of the Hubbards. This adjudication was not greatly changed by our decision on appeal. One corner of Lot 13 was ordered transferred to the Curtisses. This appears to be about one-sixteenth of the entire lot. The Curtisses have acknowledged that the superior court's pre-appeal determination that neither party had prevailed was not error. Our decision did not change the underlying judgment so significantly that we are able to say that the court abused its discretion in persisting in the view that neither party won this lawsuit.

AFFIRMED.